# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nanjing Naqiu Trading Co., Ltd. d/b/a FURTALK, <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified On Schedule "A," <br><br> Defendants. | Case No. 26-1544 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Nanjing Naqiu Trading Co., Ltd. d/b/a FURTALK ("Plaintiff" or FURTALK) hereby brings this copyright infringement action against the Partnerships and Unincorporated Associations identified in Schedule "A" attached hereto (collectively, "Defendants") and alleges as follows:

## I.     NATURE OF THE ACTION

1.     This action is for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*, including 17 U.S.C. §§ 501, 502, 503, 504, and 505; and false association arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.     Plaintiff files this action to combat infringers who trade upon Plaintiff's copyrighted work, reputation, and goodwill by selling and/or offering for sale unauthorized reproductions of Plaintiff's works, namely sun visor hats, that are sold under the FURTALK brand. FURTALK is a U.S. Registered Trademark, Registration Nos. 4875810 and 7495374. Plaintiff has been designing and making women's accessories under the FURTALK brand for many years. The FURTALK brand is famous around the world for high quality women's accessories.

3. The Defendants operate under different names on multiple virtual storefronts (the "Seller Aliases") intended to appear to be selling genuine FURTALK products by misusing Plaintiff's copyrighted work, while actually selling Infringing Products to unsuspecting consumers. Defendants also misrepresent the origin, sponsorship, or approval of their products through the unauthorized use of Plaintiff's intellectual property and false designations of origin.

4. The Seller Aliases share several characteristics, such as similar infringing product images, descriptions, advertising materials, and design elements, and other deceptive elements, as well as similarities in the infringing products themselves, establishing a logical relationship between them and suggesting that Defendants' operations arise out of the same transaction, occurrence, or series of transactions or occurrences, all aimed at misleading consumers into believing that the infringing products are genuine FURTALK products.

## II. JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement arising under the Copyright Laws of the United States, Title 17, United States Code, and tortious interference under the law of the State of Pennsylvania.

6. This Court has subject matter jurisdiction over Plaintiff's copyright claims under 28 U.S.C. § 1338 (copyright) and 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

7. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Pennsylvania, through at least fully interactive, commercial storefronts ("Seller Aliases"), including those on amazon.com, walmart.com, ebay.com., us.shein.com, tiktok.com/shop and temu.com. Specifically, Defendants are reaching out to do business with

Pennsylvania residents by operating the Seller Aliases through which Pennsylvania residents can purchase infringing products identified in Schedule A (the "Infringing Products"). Each of the Defendants has targeted sales from Pennsylvania residents by operating online stores that offer shipping to the United States, including Pennsylvania, accept payment in U.S. dollars, and on information and belief, has sold Infringing Products to residents of Pennsylvania. Each of the Defendants committed and is committing tortious acts in Pennsylvania, engaged and is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Pennsylvania.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are Chinese individuals or entities.

### III.    PARTIES

9.      Plaintiff Nanjing Naqiu Trading Co., Ltd. d/b/a FURTALK is a company organized under the laws of China, having a principal place of business at Room 726, Building 4, District 8, Xuri Love City, No.12, Shuanglong North Road, Jiangbei New District, Nanjing, Jiangsu 210000, China.

10.     On information and belief, Defendants are located in China. It is common practice for Chinese business entities to simultaneously open and operate multiple virtual storefront listings (*e.g.,* on Amazon.com, Walmart.com, ebay.com, etc.) under different names, even though they are owned and operated by the same entity.

### IV.    BACKGROUND

11.     Founded in 2012, FURTALK is a leading clothing accessories manufacturer that sells products focused on women's fashion. For example, FURTALK products include sun hats, scarves, beanies, gloves, baseball caps, sunglasses, and other fashion accessories. FURTALK sells its products online, such as by operating its e-commerce website www.furtalk.com, and through its

virtual storefront on amazon.com, each serving thousands of retail customers in the United States and worldwide.

12. FURTALK focuses heavily on the headwear and hat category, offering a comprehensive product line that includes straw hats, Panama hats, bucket hats, beanies, ski caps, knit hats, and baseball caps, effectively capturing a broad consumer demographic (men, women, and children). Notably, FURTALK is a well-established market leader, consistently ranking among the TOP 3 in sales volume on the Amazon platform within both the children's and adults' headwear sub-categories.

13. Through years of continuous marketing expenditure and the consistent delivery of premium product quality, FURTALK has cultivated exceptionally high brand recognition and invaluable goodwill among U.S. consumers. In the marketplace, consumers intimately associate the FURTALK brand with high-quality, cost-effective, original sun-protection straw visors, creating a mature brand equity and a highly loyal, repeating customer base.

14. The launch of Plaintiff's FURTALK-branded products is accompanied by extensive, heavy promotional campaigns across global markets, maintaining long-term investments in Amazon Sponsored Ads to capture high-intent search traffic, while concurrently deploying influencer collaborations, video reviews, and brand feed advertisements across major social media platforms including Instagram, Facebook, and TikTok.

15. The specific product underlying this lawsuit is the "FURTALK Women's Roll-up Straw Visor Hat." FURTALK's line of women's sun hats are marketed and sold using copyrighted works registered with the United States Copyright Office. In addition to displaying its trademark with its products, one or more copyrighted works are used to advertise and sell the FURTALK branded products.

16. The FURTALK Women's Roll-up Straw Visor Hat has achieved monumental, sustained commercial success and serves as a core financial pillar and revenue driver for the FURTALK brand. For an extended duration, the Subject Product has maintained the No. 1 ranking in the "Best Sellers in Women's Visors" category on Amazon.

17. Since 2024 to the present, the total shipment volume for this single product has reached approximately 305,000 units, significantly outperforming competing products within the same price spectrum. The primary product listing has amassed over 15,500 active, valid buyer reviews with an exceptional overall rating of 4.6 out of 5 stars, earning tens of thousands of verified, highly enthusiastic positive reviews from consumers.

18. To develop and market this original straw visor hat, FURTALK has invested substantial capital, human resources, and time into proprietary industrial design, professional product photography, live-model photoshoots, and continuous visual optimization of the product display graphics to form the final creative imagery. To protect its investment, FURTALK has secured formal U.S. Copyright Registration to protect these original visual works.

19. Nanjing Naqiu Trading Co., Ltd. is the owner of more than seventy (70) United States copyrights. Plaintiff is asserting eleven (11) of these copyrights in the above-captioned litigation against the Schedule A defendants.

20. On November 28, 2023, FURTALK obtained a copyright registration entitled "Sun Visor Hat On A Lady With Ponytail Messy Bun Hair." This registration was assigned Registration No. VA 2-372-569. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-372-569, a true and correct copy of which is attached hereto as Exhibit 1 ("the '569 Copyright").

5

21. On September 22, 2025, FURTALK obtained a copyright registration entitled "Sun Hats for Women Wide Brim Beach Hat 2019." This registration was assigned Registration No. VA 2-464-046. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-046, a true and correct copy of which is attached hereto as Exhibit 2 ("the '046 Copyright").

22. On September 22, 2025, FURTALK obtained a copyright registration entitled "Sun Hats for Women Wide Brim Beach Hat 2021." This registration was assigned Registration No. VA 2-464-048. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-048, a true and correct copy of which is attached hereto as Exhibit 3 ("the '048 Copyright").

23. On September 22, 2025, FURTALK obtained a copyright registration entitled "Sun Hats for Women Wide Brim Beach Hat 2022." This registration was assigned Registration No. VA 2-464-050. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-050, a true and correct copy of which is attached hereto as Exhibit 4 ("the '050 Copyright").

24. On September 22, 2025, FURTALK obtained a copyright registration entitled "Sun Hats for Women Wide Brim Beach Hat 2023." This registration was assigned Registration No. VA 2-464-051. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-051, a true and correct copy of which is attached hereto as Exhibit 5 ("the '051 Copyright").

25. On September 22, 2025, FURTALK obtained a copyright registration entitled "Sun Hats for Women Wide Brim Beach Hat 2024." This registration was assigned Registration No. VA 2-464-052. Plaintiff is the owner with the right to sue under the attached U.S. Copyright

Registration, Registration No. VA 2-464-052, a true and correct copy of which is attached hereto as Exhibit 6.

26. On September 22, 2025, FURTALK obtained a copyright registration entitled "Womens Beach Sun Straw Hat 2021." This registration was assigned Registration No. VA 2-464-053. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-053, a true and correct copy of which is attached hereto as Exhibit 7 ("the '053 Copyright").

27. On September 22, 2025, FURTALK obtained a copyright registration entitled "Womens Beach Sun Straw Hat 2022." This registration was assigned Registration No. VA 2-464-055. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-055, a true and correct copy of which is attached hereto as Exhibit 8 ("the '055 Copyright").

28. On September 22, 2025, FURTALK obtained a copyright registration entitled "Womens Beach Sun Straw Hat 2023." This registration was assigned Registration No. VA 2-464-056. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-056, a true and correct copy of which is attached hereto as Exhibit 9 ("the '056 Copyright").

29. On September 22, 2025, FURTALK obtained a copyright registration entitled "Womens Beach Sun Straw Hat 2025." This registration was assigned Registration No. VA 2-464-058. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-464-058, a true and correct copy of which is attached hereto as Exhibit 10 ("the '058 Copyright").

30. On November 26, 2025, FURTALK obtained a copyright registration entitled "Outdoor Protection Foldable Bucket Hat." This registration was assigned Registration No. VA 2-468-243. Plaintiff is the owner with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-468-243, a true and correct copy of which is attached hereto as Exhibit 11 ("the '243 Copyright") (the '569 Copyright, the '046 Copyright, the '048 Copyright, the '050 Copyright, the '051 Copyright, the '052 Copyright, the '053 Copyright, the '055 Copyright, the '056 Copyright, the '058 Copyright and the '243 Copyright are collectively referred to as the "FURTALK Copyrights").

31. Plaintiff's own line of sun hats on Amazon incorporates the original expression protected by the FURTALK Copyrights. Plaintiff's products as depicted in the copyrighted work are well-established on the Amazon marketplace, enjoying positive customer reviews and high ratings.

32. Plaintiff has not granted a license or any other form of permission to Defendants to reproduce, distribute, or otherwise use any of the works protected by the FURTALK Copyrights. On information and belief, Defendants are an interrelated group of infringers acting in concert to willfully market, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly and/or indirectly infringe upon the FURTALK Copyrights. For instance, Defendants are offering substantially similar or nearly identical infringing photographs, product descriptions, and listings, which contain elements designed to mislead consumers into believing that Defendants' products are genuine FURTALK products.

33. A representative example of an infringing photograph used in a virtual storefront for commercial gain and without authorization by each Defendant for the sale of its products is shown in the table below that can be cross-referenced to the Defendants listed in Schedule A:

| Copyright Reg. No. | Copyright Sample | Schedule A Defendant No. | Infringing Photo |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

34. Through years of continuous marketing expenditure and the consistent delivery of premium product quality, FURTALK has cultivated exceptionally high brand recognition and invaluable goodwill among U.S. consumers. In the marketplace, consumers intimately associate the FURTALK brand with high-quality, cost-effective, original sun-protection straw visors, creating a mature brand equity and a highly loyal, repeating customer base.

35. Without obtaining any license, authorization, or consent from FURTALK, Defendants have willfully misappropriated, copied, and displayed Plaintiff's copyright-protected product imagery on their own product detail pages for commercial advertising and sales.

36. Defendants employ a variety of tactics to conceal their true identities, making it virtually impossible for Plaintiff to learn the full scope of Defendants' activities and interworking.

Should Defendants provide further credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint accordingly.

### V. COUNT I – COPYRIGHT INFRINGEMENT

37. FURTALK realleges the preceding paragraphs as though set forth fully herein.

38. The FURTALK Copyrights are original works created by and/or for FURTALK.

39. The works in the FURTALK Copyrights are subject to protection under the Copyright Act,17 U.S.C. § 101 *et seq.*

40. Nanjing Naqiu Trading Co., Ltd. filed applications for copyright registration with the United States Copyright Office for the FURTALK Copyrights, complied with all aspects of the law of copyright, and was granted registrations to said copyrights, to secure exclusive rights and privileges in and to said copyrights.

41. Defendants have used a copy and/or derivative work of the works protected by the FURTALK Copyrights as shown, for example, in Paragraph 33, above.

42. Defendants' photographs are strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the works protected by the FURTALK Copyrights.

43. Defendants have infringed the FURTALK Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of the works protected by the FURTALK Copyrights for commercial gain and/or profit without consent, approval, and/or license from Nanjing Naqiu Trading Co., Ltd.

44. Defendants' infringement has been and continues to be willful.

45. By reason of Defendants' acts, FURTALK has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

46. Defendants have profited and have been unjustly enriched as a result of the infringement of FURTALK's copyrighted works.

47. Unless enjoined by this court, Defendants will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of FURTALK. FURTALK has no adequate remedy at law for Defendants' wrongful acts.

48. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendants are not enjoined from selling, their sales will continue to negatively impact FURTALK's sales velocity and comment volume which will irreparably harm FURTALK's marketability on amazon.com, walmart.com, ebay.com., us.shein.com, tiktok.com/shop and temu.com.

49. Additionally, FURTALK has suffered damages as a direct and proximate cause of infringement and is entitled to such damages, including Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

50. FURTALK is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## VI.    COUNT II – FALSE ASSOCIATION

51. FURTALK realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

52. Through their unauthorized and infringing use of the FURTALK Copyrights, Defendants have engaged in commerce using false designations of origin, misleading descriptions, and deceptive representations of fact in the advertising, marketing, and sale of Infringing Products.

18

These actions are likely to cause confusion, mistake, or deception regarding the affiliation, connection, or association of Defendants with FURTALK, or the origin, sponsorship, or approval of Defendants' products by FURTALK.

53. Defendants' actions as alleged herein constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendants' conduct is likely to cause confusion among consumers, including but not limited to confusion as to the source, sponsorship, or approval of Defendants' products, and to diminish the value of FURTALK's goodwill and reputation in its brand and products.

55. Defendants' acts have caused and will continue to cause irreparable harm to FURTALK, including harm to its reputation, goodwill, and ability to control the use of its intellectual property in commerce.

56. Defendants' actions are willful and undertaken with full knowledge of FURTALK's rights, entitling FURTALK to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a).

57. FURTALK has no adequate remedy at law to address the ongoing harm caused by Defendants' conduct and is entitled to injunctive relief to prevent further harm.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Reproducing, distributing, offering for sale, selling, displaying, or importing any products, services, or materials not authorized by Plaintiff that contain, embody, or incorporate any reproduction or colorable imitation of one or more of the

FURTALK Copyrights or that bear false designations of origin likely to cause confusion with Plaintiff's products;

b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the FURTALK Copyrights or engaging in any deceptive trade practices such as using any trademark, trade name, design, logo, or image in a manner that is likely to cause confusion regarding the affiliation, connection, or association between Defendants and Plaintiff or between Defendants' products and Plaintiff's products; and

c. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms offered by companies such as Amazon.com, Inc. (www.amazon.com), Walmart, Inc. (www.walmart.com), eBay Inc. (www.ebay.com), SHEIN US Services, LLC (www.us.shein.com), TikTok USDS Joint Venture LLC (www.tiktok.com/shop), PDD Holdings d/b/a TEMU (www.temu.com), web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

a. Disable and cease providing services being used by Defendants, currently or in the future, to engage in the offering, sale, or distribution of goods, services, or materials that infringe one or more of the FURTALK Copyrights;

20

b. Disable and cease displaying any advertisements used by or associated with Defendants in connection with the offering or sale of infringing materials; and

c. Take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

3) That Plaintiff be awarded such damages as are adequate to compensate Plaintiff for infringement of the FURTALK Copyrights, including, but not limited to, actual damages and all profits realized by Defendants, or others acting in concert or participation with Defendants, arising from Defendants' infringement of the FURTALK Copyrights; and false association, including all profits derived from Defendants' unauthorized use of Plaintiff's intellectual property, corrective advertising expenses, and other damages sustained as a result of consumer confusion caused by Defendants' actions.

4) That the Court, pursuant to 17 U.S.C. § 504, award statutory damages or, in the alternative, increase the damage award upon a finding of willful infringement, in an amount up to the maximum allowed under law.

5) That Plaintiff be awarded damages sustained as a result of Defendants' false designations of origin, including Defendants' profits derived from such conduct, enhanced damages under 15 U.S.C. § 1117(a), and corrective advertising expenses.

6) That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 and other applicable law; and

7) Any and all other relief that this Court deems just and proper.

## VIII.  JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues triable by a jury.

Dated this July 20, 2026.

Respectfully submitted,

/s/ Mark A. Grace____
Mark A. Grace
Pa. ID. No. 78701
COHEN & GRACE, LLC
105 Braunlich Drive, Suite 300
Pittsburgh, PA  15237
Phone:  412-847-0300
mgrace@cohengrace.com

/s/ Nicolas S. Gikkas_____
Nicolas S. Gikkas (*Pro hac vice forthcoming*)
**THE GIKKAS LAW FIRM, P.C.**
800 El Camino Real, Suite 180
Mountain View, CA 94040
T: (650) 817-7085
F: (650) 618-2600
nsg@gikkaslaw.com

*Attorneys for Plaintiff Nanjing Naqiu Trading Co., Ltd. d/b/a FURTALK*

**Schedule "A"**

**[This page is the subject of Plaintiff's Motion to File Under Seal.  As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**